Norman A. LOE, Appellant,

v.

NORMALAIR, LIMITED, a body corporate, Appellee.

No. 3911.

District of Columbia Court of Appeals.

Argued June 27, 1966.

Decided Sept. 20, 1966.

Norman A. Loe, pro se.

Robert I. Rudolph, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM:

This appeal is from a judgment for appellee, an English company, for the price of equipment ordered and received by appellant in England for use on an experimental boat.[1] Appellant appeared pro se in both the trial court and here. Of his many claims of error, we find it necessary to discuss only two.

Appellant claims that the action should have been dismissed for lack of jurisdiction. His argument seems to be two-pronged. First, he cites authorities to the effect that jurisdiction over a foreign corporation cannot be obtained unless that corporation has property or an agent within the jurisdiction or is doing business within the jurisdiction. As appellee is a foreign corporation, has no office or agent here, and does no business here, appellant argues that the trial court had no jurisdiction to hear appellee's claim. His argument overlooks the fact that appellee in bringing this action voluntarily submitted to the jurisdiction of the court. The second part of his argument appears to be that appellee was not entitled to bring its action here because it lacked a certificate of

1. The boat, described by appellant as a catamaran, sank in the Dover Straits on its first trial cruise. The sinking was in no manner attributed to the equipment supplied by appellee.

authority to do business here.[2] This argument overlooks the fact that a foreign corporation is not required to procure a certificate of authority merely for the prosecution of litigation.[3]

Appellant also contends that the trial court was in error in finding that he purchased the equipment and agreed to pay for it. He contends the evidence showed that the equipment was supplied him "on loan" for advertising and sales promotion of appellee's products. The evidence on this issue was in conflict, and the finding of the trial court must stand.

Affirmed.